### In re WEHRENBERG, INC., Tax I.D. No. 43–0436835, Debtor.

#### No. 01–40792–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 7, 2001.

E. Rebecca Case, Howard S. Smotkin, Stone, Leyton & Gershman, Clayton, MO, for debtor.

David Fidler, Klee, Tuchin, Bogdanoff & Stern LLP, Los Angeles, CA, for Paramount.

Robert J. Feinstein, Kronish Lieb Weiner & Hellman LLP, New York City, for Official Unsecured Creditors Committee.

Richard W. Engel, Jr., Armstrong, Teasdale, Local Counsel, St. Louis, MO, for Official Unsecured Creditors' Committee.

Steven Goldstein, Norman W. Pressman, Goldstein & Pressman, P.C., St. Louis, MO, for Fred Wehrenberg Circuit of Theatres, Inc., Ronnie's Enterprises, Inc., its subsidiaries, R & H Distributing Company and Cine Tix, L.L.C. (Collectively the "Non–Debtor Affiliates").

## ORDER AUTHORIZING AND APPROVING PAYMENT OF PRE-PETITION CLAIMS OF FILM DISTRIBUTORS: (A) AS CRITICAL VENDORS; OR (B) IN THE ALTERNATIVE, AS PAYMENTS IN CONNECTION WITH THE ASSUMPTION OF FILM LICENSE AGREEMENTS

JAMES J. BARTA, Bankruptcy Judge.

The Second Amended Motion to (A) Pay Pre–Petition Claims of Critical Vendors; Or (B) In the Alternative, Assume Film License Agreements With Such Vendors ("Motion") filed by Wehrenberg, Inc. ("Debtor") came on for hearing on March 6, 2001. Appearances are noted in the record of the hearing. Several Parties appeared in support of the Second Amended Motion. No objection was presented.

Based upon the Motion and all additional evidence and argument submitted at or before the hearing on the Motion, the Court has determined that the proceeding on the Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b), and the Court has jurisdiction to enter this Order pursuant to 28 U.S.C. § 157 and 1334, and that adequate notice and opportunity for hearing with respect to the Motion has been provided to all parties entitled thereto.

The Court has determined further that the Debtor is a party to certain General Agreements with vendors that provide and/or ship motion pictures for exhibition by the Debtor under more specific film-by-film license agreements. The Debtor has been notified that several vendors have stated that no film will be shipped postpetition until the prepetition debt has been paid. In the circumstances presented here, the inability to obtain and exhibit film under the license agreements will significantly reduce the likelihood of a successful reorganization in this case. Therefore, the Debtor's ability to continue to receive film under the General Agreements is critical to the Debtor's reorganization. See *Just For Feet, Inc.*, 242 B.R. 821, 825 (D.Del.1999).

Payment of the prepetition claims of these vendors as set out in the Debtor's motion is necessary to realize the possibility of a successful reorganization. Pursuant to 11 U.S.C. § 105(a) the Court may authorize the payment of prepetition claims when such payments are necessary to the continued operation of the Debtor. *Id.*

The issues concerning the characterization of these General Agreements as executory contracts was not extensively argued in this record and need not be determined here. Therefore, it is

### ORDERED THAT:

1. The Motion is granted as set out herein.

2. Pursuant to Section 105(a) of the Bankruptcy Code, the Debtor is authorized to pay the prepetition claims of the Critical Vendors (as defined in the Motion) on the terms set forth in the Motion.

3. The Debtor is authorized to take any and all actions and to execute and deliver any and all documents necessary or appropriate to implement the relief set forth in this Order.

4. All other requests in this matter are denied.